Spear, J.
The question at issue is in a narrow compass. It is whether or not, upon the decease of a resident of Ohio who dies intestate being seized of real estate situate in this state, and owing debts, the heirs at law may have partition of the real estate as against the claim of the administrator to subject the land to the payment of debts of the estate, without giving bond to pay debts, etc., as required by section 6146, Revised Statutes. Both courts below answered this question in the negative. We think they answered it correctly.
It is true that the title to the land of the de *361 ceased intestate passes to the heirs at law. It-is also true that the administrator has no concern therewith except upon a condition to be considered later. The right to partition is controlled by statute. Chapter 9 of title I, division 7, Revised Statutes, prescribes the procedure. Tenants in common and coparceners are given the right of partition and are made subject to that right. The parties are to be the tenants in common, coparceners, or other persons interested in the land. The right thus given is not an unlimited right but is subject to certain specified restrictions. One of those restrictions is that where the title came' from an inhabitant of this state partition shall not be ordered within one year from the date of the death of the intestate unless the petition shall set forth and it be proved that all the debts and claims against the estate have been paid, or secured to be paid, or that the personal property of the deceased is sufficient to pay the same. This provision is a recognition of the universal rule that the lands of a decedent are subject to the payment of his debts. It is unnecessary to cite authorities to sustain this proposition since it runs through all the legislation and all the decisions of the courts bearing on the subject, and the sections of statute respecting partition must be construed in all cases in the light of this principle. It does not follow from this, however, that the administrator is a proper party in a partition suit. As a general proposition he is not. Within the meaning of the statute he is not a “person interested therein.” A widow, or one holding a lien, would come under that designation. Had there been in the present case no debts to be paid *362 it would be entirely plain that the administratrix could not, on any conceivable ground, be a proper party, and it would seem just as clear that she could not be dragged in by the false statement in the petition as to debts. In other words, if there were no debts in excess of the personalty to be paid the administratrix could not possibly have any interest in the land, while if there were such debts the partition suit commenced the day after the decease of the intestate was simply an impertinence. Special provisions as to the rights of the administrator with regard to sale of land' to pay debts will be cited later on. Not being a proper partjr in the partition case, the common pleas, notwithstanding the service of summons on the administratrix and her appearance, acquired no power to adjudicate against her in that suit and committed no error in refusing to do so. It is true that more; than a jrear from the decease of the intestate had elapsed before, by the answer of the administratrix, the court was advised of the condition of the estate as to debts. But this fact cannot be of significance, inasmuch as the provision as to one jrear, found in section 5756, Revised Statutes, is merely negative, and by no means implies that a sale might be ordered after the expiration of one year notwithstanding it were made to appear, as it was in this case, that the debts of the estate exceeded the amount of personal property. There is force, too, in the suggestion that the proper inference as to the limit of one year is that a partition suit ought not to be commenced to apart lands of one who was a resident of this state earlier than one year after the decease of the intestate.
*363 The foregoing conclusion is strengthened by a consideration of the sections heretofore referred to as bearing on the right and duty of the administrator to ask authority to sell real estate to pay debts. Upon it being ascertained that the personalty is insufficient to pay the debts, the procedure provided by sections 6136 to 6174, Revised Statutes, operates upon the res as well as upon the parties interested, and gives to the administrator the absolute right to subject the lands in the way prescribed unless advantage is taken by those interested by the interposition of a bond. The first section above cited in absolute terms requires the executor or administrator so soon as he shall ascertain that the personal estate will be insufficient to pay all the debts, etc., to apply to the probate or common pleas court for authority to sell the real estate, and then follow, in subsequent sections, minute provisions for the proper conduct of such sales. This absolute requirement is not abridged by any clause of any of the sections following. It is true, as urged by counsel for plaintiffs in error, that provision is made by sections 6173 and 6174 for the appropriation to the payment of debts of the proceeds arising from sales in partition proceedings where deficiency of assets is found to exist, but this falls very far short of a provision supplanting an application by the administrator for an order to sell by a suit by the heirs in partition. Indeed, the last clause of the last cited section distinctly neutralizes the proposition claimed. That clause is: “provided, that nothing herein contained shall be so construed as to prohibit any executor or administrator *364 from proceeding to sell land belonging to such estate to pay any debts, when the same has been sold on partition or otherwise, or the proceeds of such sale fully distributed.” It is inconceivable to ascribe to the law makers a purpose to authorize a suit in partition by heirs the result of which would be to simply complicate ’ the affairs of the estate, while at the same time the administrator is given authority, as is given by the clause above quoted, to sell to pay debts notwithstanding the sale in partition and the proceeds of the sale fully distributed.
The action by the administratrix, commenced March 18, 1908, in the probate court for authority to sell the real estate for payment of debts, was strictly in accordance with the requirements of statute and with her duty in the premises. All the parties in the partition suit were parties in that suit and it was brought in a court having adequate jurisdiction to work out full relief to all. The partition case was primarily to apart the lands among the heirs, and only incidentally to effect a sale on one contingency. As the land is subject to the payment of debts the right to subject it to sale for that purpose is the superior right. Both cannot prevail. Necessarily the minor one must give way. Therefore, the parties in the partition suit were without legal right or power to compel the administratrix to abandon her proceeding to sell real estate to pay debts brought in a form provided by statute for that. purpose, a court which could afford to all parties full and complete relief. It follows, therefore, that the probate court acquired jurisdiction, as *365 well of the subject matter as of the parties, at the commencement of the action by the administratrix, within one year after the decease of Richard Stout, and was proceeding to work out the rights and interests of the parties. Necessarily the case supplanted the partition case in the common pleas and that court was justified in so holding and deciding.

Judgment affirmed.

Summers, C. J., Crew, Davis, Shauck and Price, JJ., concur.